1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10

11   MORGAN TWO PICKS,

                                              **Case No. CV 18-09352-CJC (RAOx)**
12                        Plaintiff,

13          v.

                                              **ORDER REMANDING ACTION**
14   ERLINDA V. BALDWIN, et al.,              **AND DENYING REQUEST TO**
                                              **PROCEED** *IN FORMA PAUPERIS*
15                        Defendants.

16

17

18                                 **I.**

19                    **FACTUAL BACKGROUND**

20          Plaintiff Morgan Two Picks, LLC ("Plaintiff") filed an unlawful detainer

21   action in Los Angeles County Superior Court against Defendants Erlinda V.

22   Baldwin and Does 1 to 10 ("Defendants"), on or about August 7, 2018.  Notice of

23   Removal ("Removal") and Attached Complaint ("Compl."), Dkt. No. 1.

24   Defendants are allegedly occupants of real property owned by Plaintiff and located

25   in Sun Valley, California ("the property").  Compl. ¶¶ 2, 5, 6-7, 10.  Plaintiff filed

26   the unlawful detainer action seeking restitution of the property and monetary

27   damages.  *Id*. at 2-3.

28   ///

Defendant Ashley Miller filed a Notice of Removal on November 1, 2018, invoking the Court's federal question jurisdiction. Removal at 1-6. Defendant Miller also filed a request to proceed *in forma pauperis*. Dkt. No. 3.

## II.

## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). It is this Court's duty always to examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Defendant Miller asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. Removal at 2. Section 1441 provides, in relevant part, that a defendant may remove to federal court a civil action in state court of which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Section 1331 provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See id.* § 1331.

///

1    Here, the Court's review of the Notice of Removal and attached Complaint

2    makes clear that this Court does not have federal question jurisdiction over the

3    instant matter under 28 U.S.C. § 1331.  First, there is no federal question apparent

4    from the face of the Complaint, which appears to allege only a simple unlawful

5    detainer cause of action.  *See Wescom Credit Union v. Dudley*, No. CV 10-8203

6    GAF (SSx), 2010 WL 4916578, at *2 (C. D. Cal. Nov. 22, 2010) ("An unlawful

7    detainer action does not arise under federal law.") (citation omitted); *IndyMac*

8    *Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337-PA (DTBx), 2010 WL

9    234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack

10   of subject matter jurisdiction where plaintiff's complaint contained only an

11   unlawful detainer claim).

12    Second, there is no merit to Defendant Miller's contention that federal

13   question jurisdiction exists based on the Protecting Tenants at Foreclosure Act of

14   2009 ("PTFA").  Removal at 1-6.  The PTFA does not create a private right of

15   action; rather, it provides a defense to state law unlawful detainer actions.  *See*

16   *Logan v. U.S. Bank Nat. Ass'n*, 722 F.3d 1163, 1164 (9th Cir. 2013) (affirming

17   dismissal of the complaint because the PTFA "does not create a private right of

18   action allowing [plaintiff] to enforce its requirements").   It is well settled that a

19   "case may not be removed to federal court on the basis of a federal defense . . . even

20   if the defense is anticipated in the plaintiff's complaint, and even if both parties

21   concede that the federal defense is the only question truly at issue."  *Caterpillar*

22   *Inc. v. Williams*, 482 U.S. 386, 393, 107 S. Ct. 2425, 2430, 96 L. Ed. 318 (1987).

23   Thus, to the extent Defendant Miller's defenses to the unlawful detainer action are

24   based on alleged violations of federal law, those defenses do not provide a basis for

25   federal question jurisdiction.  *See id.*  Because Plaintiff's complaint does not

26   present a federal question, either on its face or as artfully pled, the Court lacks

27   jurisdiction under 28 U.S.C. § 1331.

28

## III.

## CONCLUSION

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles, forthwith.

IT IS FURTHER ORDERED that Defendant's request to proceed *in forma pauperis* is DENIED as moot.

IT IS SO ORDERED.

DATED: November 6, 2018

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented by:

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

4